UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANSLEY, | No. 2:14-cv-2376 CKD P |
| Petitioner, | |
| v. | ORDER |
| FRED FOULK, | |
| Respondent. | |

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Petitioner challenges his 2011 conviction for possession of a sharp instrument in prison. (ECF No. 1 at 2.)

I. Exhaustion of State Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises three claims in his petition, only two of which have been presented to the California Supreme Court.  (See ECF No. 1 at 9-10.)  Thus the petition is a mixed petition containing both exhausted and unexhausted claims.

II.  Procedures for Exhausted/Unexhausted Claims

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.

The "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims,
>
> (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and
>
> (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  A petitioner who proceeds under Kelly may amend his petition with newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.[2]  If a petitioner's newly-exhausted claims are untimely, he may amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition.  See King, 564 F.3d at 1140–41;

---

[2] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1  see also Duncan v. Walker, 533 U.S. 167, 172–75 (2001) (unlike the filing of a state habeas
2  petition, the filing of a federal habeas petition does not toll the statute of limitations).[3]

3        The United States Supreme Court has authorized a second procedure for pursuing both
4  exhausted and unexhausted claims, set forth in Rhines v. Weber, 544 U.S. 269, 277 (2005).
5  Under the Rhines procedure, the petitioner may proceed on a "mixed petition," i.e., one
6  containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in
7  federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson
8  v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion
9  to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted
10 claims."). To obtain a Rhines stay of a mixed petition pending exhaustion of the unexhausted
11 claims, the petitioner must show that (1) the unexhausted claims are potentially meritorious; and
12 (2) petitioner had good cause for his earlier failure to exhaust state remedies.  544 U.S. 269.

13       The court will grant petitioner thirty days to indicate how he wishes to proceed with his
14 mixed petition. He may file an amended petition containing only exhausted claims along with a
15 motion pursuant to Kelly seeking to stay this action pending exhaustion of Claim 3. Or, he may
16 file a motion under Rhines seeking to stay this action pending exhaustion of Claim 3, showing
17 both good cause and potential merit as described above. Finally, petitioner may simply file an
18 amended petition containing only Claims 1 and 2 and proceed on those claims. If petitioner fails
19 to elect one option within the time allotted, his mixed petition will be dismissed without
20 prejudice.

21       In accordance with the above, IT IS HEREBY ORDERED that petitioner is granted thirty
22 days from the date of this order to file either:

23       (1) an amended petition containing only exhausted claims, either alone or
24 accompanied by a motion to stay this action pursuant to Kelly while petitioner exhausts state

---

[3] Unlike the Rhines procedure described below, the Kelly procedure does not require a showing of good cause. King, 564 F.3d at 1140. Rather, "a petitioner may invoke Kelly's three-step procedure subject only to the requirement that the amendment of any newly-exhausted claims back into the petition must satisfy Mayle [v. Felix, 545 U.S. 644, 650 (2005)]." Id. at 1143; see id. at 1142 ((Mayle requires new claims to relate back to claims that were exhausted at the time of filing).

3

remedies as to Claim 3; or

    (2) a motion to stay this action pursuant to <u>Rhines</u> while he exhausts state remedies as to Claim 3.

Failure to comply with this order will result in this action being dismissed without prejudice.

Dated:  October 27, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / ansl2376.103mix