UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANSLEY, | No. 2:14-cv-2376 CKD P |
| Petitioner, | |
| v. | ORDER |
| FRED FOULK, | |
| Respondent. | |

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2011 conviction in the Lassen County Superior Court for possession of a sharp instrument while confined in prison. (ECF No. 1 at 2.) Previously this court determined that the petition was "mixed," containing both exhausted and unexhausted claims. (ECF No. 3.) Before the court is petitioner's motion to stay this action pending the exhaustion of state remedies pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 4.)

Under the Rhines procedure, a petitioner may proceed on a mixed petition, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). To obtain a Rhines stay, the petitioner must show that (1) the

1

1  unexhausted claims are potentially meritorious; and (2) petitioner had good cause for his earlier
2  failure to exhaust state remedies.  544 U.S. 269.

3       In his unexhausted claim, petitioner asserts that his trial attorney failed to properly
4  investigate his case and present exonerating evidence, violating his Sixth Amendment right to
5  effective assistance of counsel.  (ECF No. 1 at 9; see ECF No. 4 at 5-7.)  Under Rhines, a district
6  court abuses its discretion to grant a stay when petitioner's unexhausted claim is "plainly
7  meritless."  544 U.S. at 277; see also Cassett v. Stewart, 406 F.3d 614, 623-624 (9th Cir. 2005)
8  ("We now join our sister circuits . . . and hold that a federal court may deny an unexhausted
9  petition on the merits only when it is perfectly clear that the applicant does not raise even a
10 colorable federal claim.").  Here, the court concludes that this claim has sufficient potential merit
11 to satisfy the Rhines test.

12      The court further concludes that petitioner has shown good cause under Rhines and has
13 not engaged in dilatory litigation tactics.  (See ECF No. 4 at 4-5, 8-9.)  Accordingly, the court will
14 grant petitioner's motion to stay this action pending his exhaustion of state remedies as to his
15 ineffective assistance claim.

16      In accordance with the above, IT IS HEREBY ORDERED that:

17      1. Petitioner's motion for a Rhines stay (ECF No. 4) is granted;

18      2. Petitioner is directed to inform this court and file a request to lift the stay within thirty
19 days of a decision by the California Supreme Court concluding state habeas review.  Failure to
20 timely inform the court will result in dismissal of the federal claim; and

21      3. The Clerk of Court shall administratively close this case pending exhaustion.

22 Dated: December 10, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

28 2 / ansl2376.rhines