UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANSLEY,<br><br>        Petitioner,<br><br>   v.<br><br>JOSIE GASTELO,<br><br>        Respondent.[1] | No. 2:14-cv-02376-TLN-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss petitioner's federal habeas corpus application. ECF No. 19. On January 25, 2021, petitioner was ordered to file an opposition or a statement of non-opposition within 21 days. ECF No. 23. Petitioner did not respond to the court's order and the time for doing so has expired. For the reasons discussed below, the court recommends that the motion to dismiss be granted and petitioner's application for federal habeas corpus relief be dismissed with prejudice.

**I.    Factual and Procedural History**

Petitioner was convicted following a jury trial in the Lassen County Superior Court of possessing a sharp instrument while a prisoner. ECF No. 21-1 (Abstract of Judgment). He was sentenced on January 30, 2012 to 25 years to life pursuant to California's Three Strikes Law. See

---

[1] The court substitutes Josie Gastelo, Warden of the California Men's Colony where petitioner is currently confined, as respondent in this matter pursuant to Rule 2(b) of the Rules Governing Section 2254 Cases. See also Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

1  ECF No. 21-1.  The California Court of Appeal affirmed petitioner's conviction on April 24,

2  2013.  See ECF No. 21-2 (Direct Appeal Opinion).  The California Supreme Court denied a

3  petition for review on July 10, 2013.  See ECF No. 21-4.

4        The instant § 2254 petition was filed by counsel on October 9, 2014.[2]  ECF No. 1.

5  Petitioner raises three claims for relief.  In his first claim, petitioner contends that the evidence

6  was insufficient to convict him in violation of due process.  ECF No. 1 at 6.  Next, petitioner

7  asserts that the trial court violated his right to due process when it instructed the jury that it could

8  find petitioner guilty based on constructive possession.  ECF No. 1 at 8.  Lastly, petitioner alleges

9  that his trial attorney was ineffective for failing to investigate and present favorable evidence.

10 ECF No. 1 at 10.

11     **II.**    **Motion to Dismiss**

12       Respondent filed a motion to dismiss on November 9, 2020 asserting that the petition was

13 not signed by counsel or petitioner, it was filed one day after the statute of limitations expired,

14 and contains two unexhausted claims for relief.  ECF No. 19.

15       By order of January 25, 2021, the court sua sponte granted petitioner an additional 21 days

16 to file an opposition to the motion to dismiss or a statement of non-opposition.  ECF No. 23.

17 Petitioner did not respond to the court order and the time for doing so has expired.

18     **III.**    **Legal Standards**

19       **A.  Statute of Limitations**

20       Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of

21 limitations for filing a habeas petition in federal court.  The one-year clock commences from

22 several alternative triggering dates which are described as:

23

---

[2] As petitioner did not file the § 2254 application pro se, he is not entitled to the benefit of the prison mailbox rule in determining a constructive filing date.  See Houston v. Lack, 487 U.S. 266, 271 (1988) (adopting the prison mailbox rule for pro se prisoners because they "cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice.").  Moreover, counsel did not sign or date the § 2254 petition in this case.  See ECF No. 1 at 16.  Instead, counsel states that he "represented Petitioner on appeal in state court and signs this Petition upon belief that Petitioner would file it personally but for concerns for timeliness."  ECF No. 1 at 16.

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### B. Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has expired (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### C. Equitable Tolling

A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). The Supreme Court has further clarified that the diligence required to establish entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'" Holland, 560 U.S. at 653 (citations omitted). However, the Ninth

Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted). Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

**IV.     Analysis**

The court will address the statute of limitations issue first as it is the only basis raised by respondent that would result in a dismissal with prejudice. In the instant case, petitioner's conviction became final on October 8, 2013 following the expiration of the 90-day period to file a petition for writ of certiorari with the Supreme Court. The statute of limitations commenced the next day and expired one year later on October 8, 2014. See Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies when calculating the one-year grace period after the enactment of the AEDPA). Petitioner's § 2254 application was filed by counsel on October 9, 2014, one day after the statute of limitations expired.[3] It is therefore time-barred and should be dismissed with prejudice. Petitioner has not opposed the motion to dismiss or requested equitable tolling of the statute of limitations on any grounds. Accordingly, the undersigned recommends granting respondent's motion to dismiss based on the statute of limitations.

While the court recommends dismissing the § 2254 petition with prejudice based on the statute of limitations, it is also necessary to address the unverified nature of the petition itself.

---

[3] Counsel for petitioner acknowledged this before the motion to dismiss was even filed. See ECF No. 10 at 2 (stating that "I am very, very sorry, but I believe I may have filed it one day late because I calculated the date incorrectly."); see also Lawrence v. Florida, 549 U.S. 327 (2007) (emphasizing that "[a]ttorney miscalculation [of the statute of limitations] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

4

See ECF No. 19 at 2-3.  Counsel for petitioner electronically filed the § 2254 application without signing it or attaching petitioner's signature to it.  See ECF No. 1 at 16.  Respondent points out that without such verification, petitioner may be able to file a second or successive § 2254 petition by arguing that counsel was not authorized to file the pending matter on his behalf.  See ECF No. 19 at 2-3 (citing Deutscher v. Angelone, 16 F.3d 981, 982-84 (9th Cir. 1994)).  However, the court finds a sufficient factual basis on this record to indicate that petitioner did, in fact, authorize counsel to file the pending § 2254 petition on his behalf.  See ECF No. 8 at 2 (indicating that petitioner expressly directed him to file a § 2254 petition during a prison visit); ECF No. 10 at 2 (motion to withdraw indicating that the § 2254 petition was filed "on behalf of petitioner.").  Ultimately, counsel filed a motion to withdraw which the court granted on August 1, 2017.  See ECF No. 14.  While proceeding in this action pro se, petitioner responded to this court's order to show cause why the stay of this action should not be lifted.  See ECF Nos. 15.  Therefore, there is no factual basis suggesting that petitioner did not authorize the filing of the present habeas corpus action.  While the 2254 petition is procedurally defective without a signature, the undersigned considers it unnecessary to grant petitioner leave to amend based on the recommendation that it should be dismissed with prejudice as time barred.  Therefore, the court recommends that the motion to dismiss the § 2254 petition because it is unverified be denied as moot.[4]

### V.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss, the undersigned has determined that your federal habeas petition was filed after the statute of limitations had already expired.  As a result, the claims raised in the habeas petition will not be addressed on the merits and it is recommended that your habeas petition be dismissed with prejudice.

---

[4] Likewise, in the interests of judicial economy, the court finds it unnecessary to address the third ground presented in the motion to dismiss based on petitioner's failure to exhaust his state court remedies for claims two and three.

5

If you disagree with this outcome, you have 14 days to explain why it is incorrect. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court substitute Josie Gastelo as respondent in this matter.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 19) be granted in part for the reasons indicated herein.
2. Petitioner's application for a writ of habeas corpus be dismissed with prejudice as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed

/////
/////
/////
/////
/////

within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 1, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/ansl2376.mtd+sig.docx